UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

CHUKWUMA E. AZUBUKO  :
                     :
    v.               :     C.A. No. 98-145S
                     :
BOARD OF TRUSTEES, UNIVERSITY :
OF LONDON, et. al.   :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Before this Court for a report and recommendation (28 U.S.C. § 636(b)(1)(B)) is Plaintiff's pro se Motion for Relief from Judgment or Order [FRCP 60]." (Document No. 36). Although the title of the Motion indicates that Plaintiff is seeking Rule 60 relief, the body of his Motion does not clearly set forth the grounds upon which he contends he is entitled to such relief. The Court presumes that Plaintiff is asserting a denial of constitutional rights, that the "statute of limitations had fallen into an abeyance" and that his self-representation provided "near-ineffective counsel assistance" in his previous court filings. (Document No. 36 at 2). Given the present posture of the case, however, any alleged legal bases for Plaintiff's Motion fall victim to other significant deficiencies in the filing. A brief background of relevant dates will shed light on the posture of the case.

On October 8, 1998, this case was closed following the entry of judgment for Defendants. (See Document Nos. 21 and 22). Seven years later, on October 13, 2005, Plaintiff sought a new trial. (Document No. 27). That Motion was denied, and Plaintiff filed an appeal with the First Circuit Court of Appeals. (Document Nos. 28 and 29). The Court of Appeals treated his appeal as a Fed. R. Civ. P. 60(b) Motion and found no abuse of discretion. (Document No. 35). The Court

of Appeals also noted that the Motion was not filed within one year of final judgment as required for relief under Fed. R. Civ. P. 60(b)(1), (b)(2) and (b)(3), nor within a reasonable time as required for the remaining subsections of Rule 60(b). (Id.) The Court of Appeals issued Mandate on October 30, 2006. The present Motion was filed on May 4, 2011 and captioned as a Rule 60 challenge. The Court of Appeals outlined the time limits imposed by Fed. R. Civ. P. 60, and Plaintiff's attempt to seek relief pursuant to Rule 60 is, of course, still untimely. The present Motion was filed over four years after his previous Appeal was rejected by the Court of Appeals and it articulates no new or "exceptional circumstances" in support of the request for Rule 60 relief. Id. Accordingly, I recommend that Plaintiff's Motion for Relief from Judgment be DENIED.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

 /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
May 17, 2011