# UNITED STATES DISTRICT COURT
# DISTRICT OF RHODE ISLAND

CHUKWUMA E. AZUBUKO :
:
v. : C.A. No. 98-145S
:
BOARD OF TRUSTEES, UNIVERSITY :
OF LONDON, et. al. :

## REPORT AND RECOMMENDATION

Lincoln D. Almond, United States Magistrate Judge

Before this Court for a report and recommendation (28 U.S.C. § 636(b)(1)(B)) is Plaintiff's pro se Application to Proceed in District Court Without Prepaying Fees or Costs. (Document No. 46). Although the title of the Application indicates that Plaintiff is seeking to proceed *in forma pauperis* in this Court, Plaintiff recently filed a Notice of Appeal (Document No. 43) and has no other pending motions in this Court. Additionally, his case was filed in 1998 and he paid the filing fee at that time. The Court therefore presumes that Plaintiff is seeking leave to appeal without prepayment of fees, and treats the Application accordingly.

Federal Rule of Appellate Procedure 24 sets forth the steps a litigant must take to obtain approval to appeal *in forma pauperis*. Although Plaintiff filed an application seeking pauper status in satisfaction of Fed. R. App. P. 24(a)(1)(A), he failed to satisfy the requirements of Fed. R. App. P. 24(a)(1)(B) or (a)(1)(C) which require that he claim an entitlement to redress and state the issues he intends to present on appeal. Because he has failed to comply with these procedural requirements, I recommend his Application be DENIED.

In addition to failing to properly present his Application, Plaintiff is also barred from pursuing his appeal *in forma pauperis* because his appeal is without merit. Plaintiff's right to

appeal *in forma pauperis* is governed by 28 U.S.C. § 1915 which provides that, "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). "Because the good faith standard is an objective one, an appeal is deemed not taken in good faith if the issues presented are frivolous. An appeal is considered frivolous when it is based on an 'indisputably meritless legal theory or factual allegations that are clearly baseless.'" Lyons v. Wall, No. 04-380, 2007 WL 2067661 at *1 (D.R.I. July 13, 2007) (internal citations omitted).

In the present case, Plaintiff seeks to Appeal the denial of his Motion for Reconsideration of Rule 60 relief. (Document No. 42). As outlined in this Court's Report and Recommendation (Document No. 38), his Motion for Rule 60 relief was filed four years after a previous Rule 60 Appeal was rejected by the Court of Appeals as untimely. Given that his previous appeal was deemed untimely, this Court reasoned that his present attempt to pursue Rule 60 relief was also untimely, since no new or exceptional circumstances were presented in support of the Motion. The District Court accepted this Court's recommendation. (Document Nos. 36, 42). Because the District Court held that his Motion for Relief from Judgment was out of time, his proposed appeal is frivolous and indisputably meritless. Accordingly, I recommend that the District Court deny his Motion to Appeal *in forma pauperis*.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605

(1st Cir. 1980).


  /s/   Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
December 2, 2011